**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JENNIFER SEED, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0035-I-1 |
| v. | |
| ENVIRONMENTAL PROTECTION AGENCY, | DATE: December 28, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark R. Heilbrun, Fairfax Station, Virginia, for the appellant.

David P. Guerrero, Esquire, and Rebecca Wulffen, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement and constructive demotion claims for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R.  § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      Effective November 17, 2013, the agency reassigned the appellant from her position as a GS-15 Supervisory Biologist in the agency's Risk Assessment Division (RAD) to a nonsupervisory Biologist position in the same division with no loss in pay or grade.  Initial Appeal File (IAF), Tab 6 at 14.  Over a year later, effective December 27, 2014, the appellant retired under the agency's Voluntary Separation Incentive Program and received a $25,000 separation incentive.  *Id.* at 19.  On October 12, 2015, she filed the instant appeal challenging her reassignment as a constructive demotion and her retirement as involuntary based on intolerable working conditions.  IAF, Tab 1.  She also alleged that the agency discriminated against her on the basis of her age and subjected her to a hostile work environment.  *Id.* at 6.

¶3      The administrative judge issued an order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations and retirements, and explained that, to be entitled to a jurisdictional hearing, she must make a nonfrivolous allegation that her retirement was involuntary because of

duress, coercion, or misrepresentation by the agency. IAF, Tab 3 at 2-3. The order further set forth the criteria for establishing Board jurisdiction over a constructive demotion. *Id.* at 3-4. Regarding timeliness, the order notified the appellant that her appeal of the constructive demotion appeared to be untimely filed by almost 2 years. *Id.* at 4-5. The administrative judge ordered the appellant to file evidence and argument establishing that the Board had jurisdiction over her appeal and that her appeal was timely filed or that good cause existed for the delay. *Id.* at 5. The appellant and the agency filed timely responses. IAF, Tabs 5-6.

¶4 The administrative judge issued an initial decision finding that the appellant failed to present a nonfrivolous allegation that her retirement was involuntary or that the agency constructively demoted her and dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 7, Initial Decision (ID) at 5-9. Because the administrative judge dismissed the appeal for lack of jurisdiction, she did not decide whether the appeal was timely filed or whether good cause existed for the untimely filed appeal. ID at 9 n.2.

¶5 The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4.

The administrative judge correctly dismissed the appellant's involuntary retirement appeal for lack of jurisdiction.

¶6 Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that her retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). The Board addresses allegations of

discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.[2] *Id.*, ¶ 18.

¶7        In cases such as this one, when the employee alleges that the agency took actions that made working conditions so intolerable that she was driven to an involuntary retirement, the Board will find an action involuntary only if the employee demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to retire. *Id.*, ¶ 20. The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee resigns or retires because she "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant … that [s]he feels that [s]he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (1996). "[T]he fact than an employee is faced with an unpleasant situation or that [her] choice is limited to two unattractive options does not make [her] decision any less voluntary." *Id.* The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Vitale*, 107 M.S.P.R. 501, ¶ 19.

¶8        The appellant argued below that the agency reassigned her and other "older" employees as part of the RAD reorganization and that their new positions

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

were of less "significance and sophistication than their pre-reorganization job responsibilities." IAF, Tab 5 at 5. She alleged that, in her new position, she was given demeaning work and forced to sit in a small child-like cubicle outside of [her supervisor's] office, where RAD employees had to pass through on a regular basis and where RAD employees frequently took pictures (which will be entered into evidence) of the cruel treatment and humiliation that [her supervisor] made Appellant endure. *Id.* at 6. She alleged these "demeaning work conditions" forced her to retire. *Id.*

¶9   In the initial decision, the administrative judge observed that, although the appellant was ordered to submit evidence and argument to support her claim, she did not submit the referenced pictures or any other evidence in support of her allegations of intolerable working conditions. ID at 5. The administrative judge further noted that the appellant failed to offer any details or specific facts supporting her allegation of "cruel treatment and humiliation," even though she had been instructed to "allege specific facts to support her assertion" and warned that "bare or conclusory allegations will be insufficient." *Id.* (quoting IAF, Tab 3 at 3). The administrative judge explained that, although the appellant may have found her working conditions unpleasant after the reorganization, she was not guaranteed a work environment free of stress and her reassignment to a nonsupervisory position with less responsibility would not compel a reasonable person to retire. ID at 6. She further noted that the fact that the appellant occupied her new position for 13 months before she retired undermined her assertion that she had no choice but to retire. ID at 6-7. Considering the totality of the circumstances, the administrative judge concluded that the appellant failed to present a nonfrivolous allegation that her retirement was involuntary. ID at 7.

¶10   On review, the appellant argues that the administrative judge failed to consider the totality of the circumstances, the "myriad alleged incidents alleged [by the appellant] citing discriminatory harassment, hostile work environment, and ageism," and "the violations of criminal law by [the appellant's supervisor]

which have at their base the tactic of humiliating various personnel." PFR File, Tab 1 at 6-10, Tab 4 at 6-9. For the reasons discussed below, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that the agency coerced her retirement and find that the appellant's contentions on review provide no basis to disturb the initial decision.

¶11     As the administrative judge correctly found, an employee is not guaranteed a stress-free working environment. *Brown*, 115 M.S.P.R. 609, ¶ 15 (quoting *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000)). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to retire. *Id.* Thus, as the administrative judge correctly determined, the appellant's contentions that the agency assigned her "demeaning" work of less "significance and sophistication" after the reorganization and forced her to sit in a small cubicle outside of her supervisor's office do not evince the type of intolerable working conditions that would compel a reasonable person in the appellant's position to retire. *Id.*; ID at 10-14.

¶12     Likewise, the appellant's allegations that her supervisor violated Federal criminal law "by approving and certifying the less-than-grade-appropriate assignment of official duties falsely" do not constitute a nonfrivolous allegation that the appellant's retirement was involuntary. PFR File, Tab 1 at 5. To establish that a retirement was involuntary on the basis of alleged violations of law by the agency, the appellant must show that the violations directly affected her rights and that a reasonable person in her position would have felt compelled to retire. *See Baker v. U.S. Postal Service*, 71 M.S.P.R. 680, 695 (1996). Here, even if the appellant's allegations were proven true, the effect of the violation on her rights—receiving below grade-level assignments—would not, as stated above, compel a reasonable person to retire. *See Miller*, 85 M.S.P.R. 310, ¶ 32 (stating that dissatisfaction with work assignments would not compel a reasonable person to resign). Moreover, the appellant could have challenged the validity of her

supervisor's alleged unlawful acts through the appropriate channels rather than retiring. *See Axsom v. Department of Veterans Affairs*, [110 M.S.P.R. 605](), ¶ 17 (2009) (stating that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action).

¶13    The appellant's claims that her supervisor discriminated and retaliated against her are also insufficient to constitute a nonfrivolous allegation that her retirement was involuntary. *See id.* The appellant could have, and did, challenge her supervisor's alleged discriminatory acts through the agency's complaint process.[3] IAF, Tab 6 at 15-16. Although below, she disparaged the complaint process, IAF, Tab 5 at 7, she could have appealed the agency's decision on her discrimination complaint to the Equal Employment Opportunity Commission rather than retiring. *See Axsom*, [110 M.S.P.R. 605](), ¶ 17.

¶14    We further agree with the administrative judge that appellant's bare allegation that her supervisor subjected her to "cruel treatment and humiliation," unsupported by any factual allegations, does not constitute a nonfrivolous allegation that the agency coerced her retirement. ID at 6. An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. [5 C.F.R. § 1201.4](s). Vague, conclusory, or unsupported allegations, such as those that essentially repeat the applicable legal standard, are pro forma and insufficient to meet the nonfrivolous standard. *See Clark v. U.S. Postal Service*, [123 M.S.P.R. 466](), ¶¶ 7-8 (2016). On review, the appellant does not provide any specific factual allegations in support of her allegation of "cruel treatment and humiliation," but complains that her supervisor subjected her to a "living hell," "horrendous treatment," and "intolerable working conditions." PFR File, Tabs 1,

---

[3] The record reflects that the appellant filed a discrimination complaint alleging age discrimination in connection with her reassignment and that the complaint was accepted for investigation. IAF, Tab 6 at 15-16.

4. These conclusory and pro forma allegations of intolerable working conditions are likewise insufficient to establish a nonfrivolous allegation of jurisdiction and provide no basis to disturb the initial decision.

¶15 The appellant also argues on review that the administrative judge failed to apply the correct legal standard in considering her claim of involuntary retirement based on intolerable working conditions. PFR File, Tab 1 at 6-11. As discussed above, however, we have reviewed the initial decision and find that the administrative judge applied the correct legal standard and came to the well-reasoned conclusion that the appellant failed to nonfrivolously allege that her retirement was involuntary.

## The administrative judge correctly dismissed the appellant's constructive demotion claim for lack of jurisdiction.

¶16 The Board generally lacks jurisdiction to consider a reassignment action without a loss of grade or pay. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001). One exception to this general rule, however, is when an employee is constructively demoted. *Id.* To establish a claim of constructive demotion, an appellant must nonfrivolously allege that: she was reassigned without a loss of grade or pay; her former position was upgraded; the upgrade resulted from a new or corrected classification standard; and she met the legal and qualification requirements for promotion to the upgraded position. *Id.*

¶17 The appellant argued below that she was constructively demoted because

she was reassigned from a position which, due to deliberate error in classifying the position, was worth a higher grade, [she] met the legal and qualification requirements for promotion to the higher grade, and the employee who held that position was permanently reassigned to a position classified at a grade level lower than the grade level to which the employee would otherwise have been promoted.

IAF, Tab 5 at 10. In the initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that she was subjected to a constructive demotion because, although she argued that her prior position was misclassified,

she did not allege that there was an agency corrective reclassification. ID at 8. The administrative judge further noted that the Board lacked jurisdiction over the appellant's claim that her prior position was misclassified because such disputes fall within the exclusive jurisdiction of the Office of Personnel Management (OPM). *Id.*

¶18 On review, the appellant appears to argue that the administrative judge erred in holding that the Board lacks jurisdiction over appeals concerning a position's proper classification because OPM

> does not, and will likely never know of the extraordinary abuse of the Agency concerning proper position classification, duties above and (especially, as a form of punishment) below grade‑appropriate, and the obscuring of such Agency exploitation of the classification system, if it is not directly brought to their attention … Absent OPM attention, the Board can and must close this loophole regarding constructive demotion[.]

PFR File, Tab 1 at 12-13. The appellant further appears to argue that the administrative judge erred in relying on the Board's decision in *Marcheggiani* for the elements of a constructive demotion. *Id.* at 13-14. The appellant urges the Board to remand this matter for a hearing, "if for no other reason that [her supervisors] and their Agency so routinely flaunt OPM classification in assigning less-than-grade-appropriate duties." *Id.* at 16.

¶19 The appellant's arguments on review are unavailing. The administrative judge properly relied on *Marcheggiani*, which sets forth the elements required for a finding of Board jurisdiction over a claim of constructive demotion, and correctly concluded that the appellant did not nonfrivolously allege facts that would entitle her to a jurisdictional hearing on her constructive demotion claim. ID at 7-8; *see Marcheggiani*, 90 M.S.P.R. 212, ¶ 7; *see also Hogan v. Department of the Navy*, 218 F.3d 1361, 1365 (Fed. Cir. 2000); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). The administrative judge also correctly explained that the Board lacks jurisdiction over appeals concerning a position's

proper classification or issues related to a position's classification and that such disputes fall within the exclusive jurisdiction of OPM.[4] ID at 8.

¶20      Although the appellant believes that the agency has intentionally avoided the Board's jurisdiction through a "sham reorganization" and has "routinely flaunt[ed] OPM classification in assigning less-than-grade-appropriate duties" in order to "cull elderly, disabled and otherwise disfavored employees," PFR File, Tab 1 at 16, such facts, even if true, would not bring the appellant's reassignment within the Board's jurisdiction.  The Board does not have jurisdiction to address all matters that are alleged to be incorrect or unfair.  *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010).  Rather, the Board adjudicates only those actions for which a right of appeal has been granted by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

¶21      As the administrative judge correctly determined, the appellant failed to nonfrivolously allege any basis for the Board to assert jurisdiction over her reassignment as a constructive demotion, and the appellant's arguments on review provide no basis to disturb this finding.

The appellant has failed to show that the administrative judge was biased.

¶22      The appellant also argues on review that the administrative judge was biased in favor of the agency because the agency's arguments "are exceedingly weak" and because she disagrees with the findings in the initial decision.  PFR File, Tab 1 at 11-12.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  Furthermore, an administrative judge's conduct during the course of a Board proceeding warrants a new

---

[4] Under OPM's regulations, "[a]n employee … may request an [OPM] decision as to …[t]he appropriate occupational series or grade of the employee's official position." 5 C.F.R. § 511.603(a)(1).

adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). Here, the appellant has not pointed to any evidence that the administrative judge was biased or prejudiced against her, or that she displayed favoritism or antagonism in the proceedings below. Accordingly, we find no merit to the appellant's complaints of bias.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.